# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16cr373 |
| | : | |
| v. | : | (Judge Munley) |
| | : | |
| CHARLES J. SENKE, | : | |
|       Defendant | : | |

## MEMORANDUM

Before the court for disposition are Defendant Charles J. Senke's pretrial motions. The parties have presented their respective positions, and the motions are ripe for disposition.

**Background**

On December 20, 2016, the grand jury indicted the defendant on charges of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b) and online enticement in violation of 18 U.S.C. § 2422(b).[1] (Doc. 1).

---

[1] Section 2423(b) specifically criminalizes: "**Travel with intent to engage in illicit sexual conduct-**A person who travels in interstate commerce . . . for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both."
Section 2422(b) provides: "Whoever, using the mail or any facility or means of interstate or foreign commerce. . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life."

Evidently, the Pennsylvania Attorney General's Office performed an online undercover sting operation attempting to find adults seeking unlawful contact with minors. No minors were involved in the investigation, but rather, an agent masqueraded as a minor on the LGBT dating website, Gay.com. In what was evidently, a protracted investigation, the undercover agent eventually arranged a meeting with the defendant. Defendant was arrested when he arrived for the meeting.

Originally, charges were brought in Pennsylvania state court. Almost two years later, however, the federal government brought the instant charges against the defendant in this court. The state court charges were dismissed. On December 20, 2016, the court appointed an assistant federal public defender to represent the defendant. In February 2017, the court granted defendant's counsel leave to withdraw and allowed the defendant to proceed pro se.[2] Since that time, he has filed a document entitled a "Pro Se Omnibus Pre-Trial Motion". (Doc. 35).

The defendant lists his issues as follows: 1)Motion to dismiss-quash criminal information – habeas corpus; 2) Motion to dismiss indictment; 3) Motion

---

[2] Defendant's former counsel remains as standby counsel

to suppress evidence seized from car;  4)Motion to suppress agent's phone; 5) Motion to sequester all witnesses and non-affiants during omnibus hearing and trial; 6) Motion to notify the United States Attorney of the Defendant's potential entrapment defense; and 7) Motion for leave to file supplemental motions. Defendant has also filed another "Omnibus Pretrial Motion" and many other miscellaneous motions.  We will address these issues below.

**I. Discovery/Bill of Particulars issues.**

First, defendant raises some discovery matters.  (See Doc. 40 "Pro Se Request for Bill of Particulars"; Doc. 41, "Pro Se Request for Discovery and Inspection").  He asserts that the government has not been forthcoming with all relevant discovery.

With regard to discovery, Rule 16 of the Federal Rules of Criminal Procedure requires the government, upon defendant's request, to disclose any relevant written or oral statements made by defendant. FED. R. CRIM. P. 16(a)(1)(A-B).  Rule 16 also requires the government to produce copies of "books, papers, documents, data photographs, tangible objects, buildings or places" if the item is under government control and is material to preparing a defense. FED. R. CRIM .P. 16(a)(1)(E)(i).

3

Here, the United States indicates that the government has already provided relevant discovery to the defendant. (Doc. 49, Gov't Br. at 18). "The Government . . . has provided, and will continue to provide at the appropriate times, discovery of all information covered by this District's standing discovery order, as well as all material required to be disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972)." (Doc. 49, Gov't Br. at 27). Further, the government states that if additional discovery becomes available it will provide the discovery to the defendant. Based upon these assertions, the defendant's discovery motion will be denied.

Defendant, however, indicates that he has not received any of the discovery since he has been granted leave to proceed *pro se*. If this is the case, and the government merely provided the discovery to the defendant's former counsel, the government will be ordered to provide the discovery directly to the defendant.

Defendant also seeks a "bill of particulars". Rule 7(f) of the Federal Rule of Criminal Procedure provides "the court may direct the government to file a bill of particulars." FED. R. CRIM. P. 7(f). The Third Circuit has indicated that "the purpose of a bill of particulars is to 'inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid

4

surprise during the trial and to protect him against a second prosecution for an inadequately described defense.'"  United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1972).

A review of the indictment and the affidavit of probable cause reveals that defendant has been adequately informed of the nature of the charges against him so as to prepare his defense.  (See Doc. 1, Indictment and Doc. 49-1, Affidavit of Probable Cause).   The indictment sets forth the two charges and the dates, or range of dates, on which the government alleges the defendant broke the law.  Although otherwise, the indictment is light on details, the affidavit of probable cause filed by the government and authored by Special Agent Justin M. Leri of the Pennsylvania Attorney General's Office provides a detailed description of the allegedly criminal actions of which the government accuses defendant.  Accordingly, the motion for a bill of particulars will be denied.

**II. Motion to suppress search of vehicle.**

Subsequent to defendant's arrest on February 4, 2015, authorities sought and obtained a search warrant for his automobile, the automobile which he had driven to the alleged meeting with the individual who defendant may have believed to be a minor.  Defendant next seeks to suppress the search of his

vehicle. He asserts that "no property inventory sheet" was left in his car. His "laptop was in a laptop case inside a closed briefcase." (Doc. 29, Motion to Suppress) . The government relies upon the warrant it received for the search to establish the reasonableness of the search. After a careful review, we agree with the government.

The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ...." "The Amendment guarantees the privacy, dignity, and security of persons against certain arbitrary and invasive acts by officers of the Government or those acting at their direction." Skinner v. Rwy. Labor Exec. Ass'n, 489 U.S. 602, 613–14 (1989). By its own terms, the Fourth Amendment prohibits "unreasonable" searches and seizures. Whether a search and seizure is reasonable, "depends on all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself." United States v. Montoya de Hernandez, 473 U.S. 531, 537 (1985).

Generally a search is considered reasonable if it is performed pursuant to a valid warrant. Maryland v. Dyson, 527 U.S. 465, 467 (1999). The law provides that a valid warrant is one that is 1) based upon probable cause; supported by an

6

oath or affirmation; describes the place to be searched and the things to be seized.  United States v. Tracey, 597 F.3d 140, 146 (3d Cir. 2010).

In the affidavit of probable cause drafted in support of the request for a search warrant, the affiant, Justin M. Leri, explained that he serves as a Special Agent with the Pennsylvania Office of Attorney General's Child Predator Section. (Doc. 49-1, Aff. of Probable Cause, at 3).  He described his training, history of investigations and his investigatory duties.  (Id.)  He further explained the instant investigation.  (Id. 3-4).  Many of the facts of the investigation are not at issue for purposes of the present motions.   Leri conducted an undercover investigation and pretended to be a fourteen-year old male.  (Id. at 3).  Using this fake identity, the agent created a profile on an adults-only LGBT dating website.  (Id.)  He communicated on the website and later through emails and text messages with the defendant.  (Id. at 3-4).  He told the defendant several times that his age was fourteen, but the defendant nonetheless repeatedly asked for nude photographs and agreed to meet with him in Scranton, Pennsylvania – the government alleges that the meeting was for sexual activities.  (Id. 4-5).  When defendant arrived at the agreed upon location, investigators arrested him. (Id. at 5).   The defendant informed the affiant that in the car was a laptop and a cellular device with which he had communicated with the undercover investigator.  (Id.).

The application for search warrant indicates authorities sought to search the defendant's 2014 white Dodge Challenger for : any mobile devices such as cellular telephones, PDAs, GPS etc., passwords and data security devices; document relating to passwords, accomplices or co-conspirators; child pornographic images and other digital evidence relating to the possession of and/or dissemination of child pornography; and communications relating to the online sexual exploitation of children and unlawful contact with minors. (Doc. 49-1, Application for search warrant p. 2).[3]

Based upon the law as set forth above, the investigator had probable cause to support the issuance of the search warrant at issue. In fact, defendant does not specifically challenge the existence of probable cause. Rather, he first asserts that the law mandated that the government provide him with the affidavit of probable cause, search warrant and property inventory sheet on the date of his arraignment. The government did not provide him with this material until forty (40) days after being arraigned, therefore the objects seized from his automobile should be suppressed according to the defendant. Defendant, however, has

---

[3] Upon searching the automobile, the investigators found one Apple iPhone, an Acer laptop computer, an SD card, Equate personal lubricant, four LifeStyles Ultra Thin Condoms, a handwritten note containing passwords and a weekly/monthly planner containing passwords. (Id. at 9).

presented no authority to support the suppression based upon this violation of the procedural rules. He has also not established any prejudice due to the actions of the government. The motion to suppress will be denied.

Defendant also argues that the search warrant was sealed and signed by a magistrate judge, but a magistrate judge has no authority to sign a sealed warrant. Thus, the search should be suppressed. We need not address the substance of this argument as it appears that the warrant was not sealed.

Defendant also asserts that certain statement the undercover agent made in the affidavit of probable cause are false and thus the results of the search should be suppressed. If an affidavit of probable contains misstatements, i.e., affirmatively false statements or omissions, we examine them to determine if they are material to a finding a probable cause. Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997). "[F]alsehoods are deemed material to the finding of probable cause if the affidavit, with the false material set to one side is insufficient to establish probable cause." Id. (internal citations and quotation marks omitted).

In the instant case, the affidavit of probable cause states that defendant's "cellular device" could be seen in plain view through the automobile window. On the device's screen, the investigators noted text message communications with the name "Danny PA boy". This is the name of the persona the agent adopted

9

during the online conversations with defendant.  Defendant argues that it was impossible for the investigators to have seen his cellular phone's screen from outside of the car, because it was placed face down on the seat.  It does not matter whether this statement is true because probable cause exists without the statement.

Further, defendant argues the affidavit of probable cause is false regarding the manner in which Leri discovered that the car contained a computer.  The affidavit indicates that defendant had told Agent Leri that he had brought a laptop with him and that a "laptop bag" could be seen in clear view through the window of the car.  (Doc. 49-1, at 6).  Defendant indicates the computer could not be seen from outside the car because it was in a case, which was then inside a briefcase.  Defendant claims that he never told Leri that the computer was in the car.  Rather, defendant claims that Leri told *him* a computer was found in the car. This assertion of falsehood, even if true, would not affect the court's probable cause analysis.  Therefore, defendant's arguments lack merit with regard to suppression and this portion of his motion will be denied.[4]

---

[4] Defendant also filed several suppression motions based on jurisdiction.  He asserts that the federal court system does not have jurisdiction over him.  He admits, however, that the federal judicial power extends to cases arising under

### III. Dismissal based upon prima facie case

As noted above, the government charges the defendant with travel with intent to engage in illicit sexual conduct in violation of 18 US.C. § 2423(b). Defendant argues that the government's proof is inadequate, without reasonable certainty and insufficient to prove the alleged criminal offenses. Although the argument is not artfully presented, it appears that defendant's position is that no actual minors were involved in this case and therefore he cannot be convicted. The law provides, however, that lack of a minor is not a defense to such a crime. See United States v. Tykarsky, 446 F.3d 458 (3d Cir. 2006). Thus, based on the information set forth in the affidavit of probable cause as set forth above, we find the defendant's argument to be without merit and this portion of the motion will be denied.

### IV. Suppression of agent's phone

Defendant next seeks to suppress the phone of the investigative agent – the phone he evidently used to engage in the online conversations with the defendant. Defendant argues that it was illegal for the investigator to go on an adult website and pose as an eighteen-year old and then claim to be younger.

---

federal law. The charges in the instant case arise from federal law. Therefore, this argument lacks merit.

Defendant cites to no convincing authority on this point, and this portion of the motion will be denied.

### V. Double Jeopardy Clause

Before the federal government charged defendant in the instant case, the Pennsylvania Attorney General's office brought charges against him in Pennsylvania state court. Defendant now claims that the federal prosecution violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. We disagree.

Under the "dual sovereignty" doctrine, when the same act violates the laws of two sovereigns, "it cannot be truly averred that the offender has been twice punished for the same offence; but only that by one act he has committed two offences, for each of which he is justly punishable." Heath v. Alabama, 474 U.S. 82, 98 (1985) (internal quotation marks and citation omitted). Thus, a successive prosecution does not violate the Double Jeopardy Clause if it is brought by a sovereign different from the first prosecution. States are separate sovereigns with respect to the Federal Government. Id. at 89. Here, Pennsylvania brought the initial charges and the Federal Government brought the second prosecution, thus Double Jeopardy does not apply and this portion of the defendant's motion will be denied.

Under the Double Jeopardy section of his motion, the defendant also addresses a speedy trial issue. The defendant aims this argument, however, at his state court prosecution and the time he was held in state custody. Any speedy trial violation that may have occurred in the state system is irrelevant to the instant prosecution and this portion of defendant's motion will be denied.

**VI. Notification of potential defense**

Next, the defendant seeks to have the court admit and allow him to assert the defense of "entrapment" at trial. The government has filed a motion in limine to preclude the defendant from using "entrapment" as a defense. We will address this issue in a subsequent memorandum.

**VII. Motion for leave to file supplemental motion and briefs/motion to sequester witnesses**

Defendant next seeks leave to file supplemental motions and briefs. This motion will be denied. The defendant has thus far filed two omnibus motions and over twenty other pretrial motions. Many of the issues raised are repeated in various motions. We will thus not grant leave to file supplemental motions. If a new issue does arise that it was impossible for the defendant to raise at an earlier time, the defendant may seek leave to file a motion regarding that issue. Defendant also seeks to sequester the witnesses at his omnibus hearing and

13

trial. We will deny this issue as premature without prejudice to it being raised again immediately before any hearing and/or trial.

**VIII. Other miscellaneous issues raised by the defendant**

Defendant raises several other miscellaneous issues in his various motions which we will discuss briefly. Specifically, he moves for the return of his property seized by the government on the basis that the search warrant was improper. As discussed above, however, we have found that the search was constitutionally sound.

Defendant next argues that Pennsylvania properly has venue in this case, not the United States District Court. As noted above, however, defendant is charged with two **federal** crimes. Thus, the United States District Court is the proper venue, and the defendant's argument is without merit.

Defendant also raises the issue of "preindictment delay". He argues that the United States Attorney's Office indicted him more than twenty-four (24) months after the filing of the original complaint in state court. Such preindictment delay is inappropriate according to the defendant. Defendant does not develop this argument in his filings, and we find it lacks merit. As noted above, we have found no speedy trial violation. Further, there is no argument that the

14

government indicted the defendant after the statute of limitations expired. Thus, we find no valid argument regarding "preindictment delay".

Lastly, defendant argues that the government improperly charged him with the same offense in more than one count. We disagree. "Multiplicity is the charging of the same offense in two or more counts of an indictment or information." United States v. Stanfa, 685 F.2d 85, 87 (3d Cir.1982).

The Third Circuit Court of Appeals has further explained:

> Multiplicity, the charging of a single offense in different counts of an indictment has the vice that it may lead to multiple sentences for a single violation. And even if that does not result, it may prejudice the jury against the defendant by creating the impression of more criminal activity on his part than in fact may have been present.

United States v. Carter, 576 F.2d 1061, 1064 (3d Cir.1978).

Defendant has been charged with two separate crimes, and multiplicity is not apparent in the indictment. The basic test for multiplicity is whether is whether proof of one offense requires an additional fact that proof of the other does not necessitate. Id.

The first crime of which the government charges the defendant with is travel with intent to engage in illicit sexual conduct and the second crime charged is online enticement. These are two separate crimes. Although taken as a

15

whole, defendant's alleged criminal episode includes both the incitement and then the travel – for the first charge, interstate travel must be established and for the second he must have engaged in enticing someone online. The two crimes can be separated for charging.

### IX. Speedy Trial

The defendant also alleges that government has failed to bring him to trial in a timely fashion and have thus violated his right to a speedy trial. After a careful review, we disagree.

The Speedy Trial Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

If a defendant is not brought to trial within this time period, "the information or indictment **shall be dismissed** on motion of the defendant.... In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the

facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2) (emphasis added).

The Act does not mandate, however, that every criminal case go to trial within seventy days or face immediate dismissal. In calculating the seventy-day period prescribed by the Speedy Trial Act, "[d]elay resulting from any pretrial motion, from the date of the filing of the motion through the date of the prompt disposition of the motion, is excluded." United States v. Arbelaez, 7 F.3d 344, 347 (3d Cir.1993). "Any pretrial motion, including a motion for extension of time, is a pretrial motion within the meaning of Section 3161(h)(1)(F) and creates excludable time, even if it does not in fact delay trial." Id.

Furthermore, time attributable to a delay is excluded from the seventy-day time limit "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The district court must state its reasons for granting an "ends of justice" continuance; however, the statement of reasons need not be made contemporaneously with the order to continue because the Act's "reasons" requirement is satisfied by subsequent memorandum explaining the court's decision. See United States v.

Brooks, 697 F.2d 517, 522 (3d Cir.1982). Defendants bear the burden of proving a violation of the Speedy Trial Act. See 18 U.S.C. § 3162(a)(2). The question in this case is whether defendant has carried his burden and established that he has not faced trial by the appropriate date after subtracting excludable delays.

The government indicted the defendant on December 20, 2016. (Doc. 1). Magistrate Judge Joseph F. Saporito arraigned him on the same day. (Id.) The court scheduled trial for February 21, 2017 and ordered that pretrial motions were due on January 12, 2017. (Doc. 14). Defendant moved for an extension of time to file pretrial motions on January 6, 2017. (Doc. 16). The court granted the motion on January 11, 2017, and ordered that the time from the date of the order to the date of trial is excludable under the Speedy Trial Act. (Doc. 17). Trial was rescheduled to March 20, 2017 and pretrial motions were due February 13, 2017. (Id.) Up to this date, twenty-two (22) days (December 21 through January 11) had run on the Speedy Trial clock.

On February 6, 2017, defense counsel moved to withdraw from representation of the defendant and indicated that the defendant sought to proceed *pro se*. (Doc. 22). The court granted the motion to withdraw and allowed the defendant to proceed *pro se*. (Doc. 27). From February 22, 2017, through June 22, 2017, defendant filed over twenty (20) pretrial motions,

18

including two "omnibus" motions containing several issues. The filing of these motions stop the speedy trial clock until they are resolved today. Thus, as of the date of this order only twenty-two (22) days have run on the Speedy Trial clock. Defendant's Speedy Trial motion is thus without merit and will be denied.[5]

**Conclusion**

For the reasons set forth above, we will deny the following issues raised by the defendant: motion for bill of particulars; motion to suppress; motion to dismiss based upon prima facie case; motion to suppress agent's telephone; motion to dismiss based upon double jeopardy; motion for leave to file supplemental motion and briefs; motion for return of property; motion to dismiss based upon venue; motion to dismiss based upon preindictment delay; motion to dismiss based upon "multiplicity". The defendant's motion to sequester witnesses will be denied as premature. The discovery request will be granted to

---

[5] Defendant appears to argue that the time that he spent in custody on the state charges should count toward his federal custody for purposes of the speedy trial act. We are unconvinced. Defendant's speedy trial clock did not start running until the day after his arraignment on the federal charges. United States v. Lattany, 982 F.2d 866, 871 (3d Cir. 1992), see also 18 U.S.C. § 3161(c) "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.").

the extent that the government should provide to the defendant any discovery that it has not provided him directly as opposed to having provided it to his standby counsel. We will rule on the entrapment defense issues by way of a separate memorandum. An appropriate order follows.

**Date: September 12, 2017**            **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**