# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16cr373 |
| v. | : | (Judge Munley) |
| CHARLES J. SENKE, | : | |
| Defendant | : | |

## MEMORANDUM

Before the court for disposition is Defendant Charles J. Senke's motion in limine to preclude proffered 404(b) evidence (Doc. 114). The issue has been briefed and is ripe for disposition.

**Background**

On December 20, 2016, the grand jury indicted the defendant on charges of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b) and online enticement in violation of 18 U.S.C. § 2422(b). (Doc. 1).

The Pennsylvania Attorney General's Office performed an online undercover sting operation attempting to find adults seeking unlawful contact with minors. No minors were involved in the investigation. Instead, an agent masqueraded as a minor on an LGBT website, Gay.com. After chatting for a time on the website and through text messages, the defendant and the investigator allegedly decided to meet. Authorities arrested defendant when he arrived for the meeting.

Originally, charges were brought in Pennsylvania state court. Almost two years later, however, the federal government brought the instant charges against the defendant in this court. The state court charges were dismissed.

The court appointed an assistant federal public defender to represent the defendant. In February 2017, the court granted defendant's counsel leave to withdraw and allowed the defendant to proceed *pro se*.[1] On April 10, 2017, the government filed a motion in limine to preclude the defendant from using an entrapment defense.

On September 19, 2017, we denied the government's motion in limine. Approximately two weeks later, the government filed a superseding indictment. (Doc. 93). The superseding indictment adds an additional charge, Attempted Transfer of Obscene Material to a Minor in violation of 18 U.S.C. § 1470. (Doc. 93, Count 3). As with the other counts, this count does not relate to an actual minor but rather involves an undercover law enforcement officer. (Id.)

In its trial brief, the government indicates that it seeks to present evidence at trial of certain videos found on the defendant's mobile telephone.[2] The

---

[1] Subsequent to ruling on these motions, the court appointed counsel to the defendant, and he is no longer proceeding *pro se*.
[2] It is unclear whether a singular video is at issue or whether several videos are at issue. The government discusses "videos" but only describes the details of one of the videos. For consistency, we will refer to the evidence as "videos".

2

defendant has filed a motion in limine to preclude this evidence, bringing the matter to its present posture.

**Discussion**

The government describes the evidence at issue as follows:

> A search of the defendant's iPhone subsequent to his arrest revealed obscene videos created by the defendant involving sexual conduct with a young male. One such video depicts a young male on his knees, wearing a dog collar, with the defendant holding him by a leash. During the video, the defendant commands the male to eat and drink from dog dishes, and then commands him to perform oral sex on the defendant, which is also captured on the video.

(Doc. 112, Gov't Trial Br. at 18-19). The government intends to present this evidence if the defendant presents an entrapment defense. The defendant has filed a motion in limine to preclude the videos.

The government's brief seems to provide two bases for the admission of the evidence. First, the government asserts that the evidence is directly relevant to the instant charges, and second, it is admissible evidence of other crimes, wrongs or acts under Federal Rule of Evidence 404(b). We will discuss these issues separately.

**I. Relevancy**

The government argues that the evidence is relevant if the defendant raises the defense of entrapment. The law provides that relevant evidence is admissible in a trial and irrelevant evidence is not admissible. FED. R. EVID. 402.

3

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.

The defendant states he does intend to proceed with an entrapment defense. (Doc. 116, Def.'s Trial Br. at 1). An entrapment defense includes two elements, "[1] government inducement of the crime and [2] lack of predisposition on the part of the defendant to engage in the criminal conduct." Matthews v. United States, 485 U.S. 58, 62 (1988). The government argues that the videos at issue are relevant because they indicate the defendant's predisposition to engage in criminal conduct. The defendant argues that the videos at issue show two adult men engaging in sexual acts. They have no relevance in a criminal case in which all the charges relate to a minor. We agree.

Although the court has not viewed the videos at issue, we have no reason to they involve criminal conduct. The government states that the videos show a "young male" rather than a minor. The defendant states that "the video depicts Defendant engaging in sexual behavior with an *adult* male. No reasonable juror could find that it depicted behavior with a minor." (Doc. 116, Def.'s Trial Br. at 2) (emphasis in original). A willingness to engage in sexual conduct with an adult does not demonstrate a willingness to engage in sexual conduct with a fourteen-

4

year-old minor. Thus, the evidence is irrelevant to demonstrate defendant's predisposition to commit the crimes with which he is charged.

The government repeatedly states that the videos demonstrate "illicit" conduct. "Illicit" means illegal, but the government does not explain exactly what is illegal about the videos at issue. Moreover, the government nowhere claims that the defendant communicated to the undercover agent a desire or intention to leash him and/or convince him to eat out of dog dishes. The government does not allege that such action between two consenting adults is criminal. Accordingly, we reject the government's argument that the evidence is relevant to establish propensity to commit a crime.[3]

## II. Rule 404(b)

The government also argues that the videos are admissible as other crimes, wrongs, or acts by the defendant pursuant to Rule 404(b) of the Federal Rules of Evidence. This rule provides as follows:

> **(b) Crimes, Wrongs, or Other Acts**
>     **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character trait.
>     **(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose,

---

[3] Count 3 of the Superseding Indictment involves attempted transfer of obscene material to a minor. The government, however, does not indicate that the videos at issue are included in the obscene material involved in this count, or that they were ever sent to the undercover investigator.

5

> such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

F<small>ED</small>. R. C<small>IV</small>. P. 404(b)

Here, the government argues that the video of the defendant engaged in sexual conduct with a "young male" falls under Rule 404(b) because it is proof of the defendant's character trait of propensity to engage in sexual conduct with minors and it demonstrates the defendant's knowledge, and an absence of ignorance or mistake.

For reasons similar to those set forth above with regard to relevancy, we find that this evidence is not proper Rule 404(b) evidence. The government argues that this evidence applies to the trait of "propensity to engage in sexual conduct with minors". The government, however, does not allege that the videos show a minor, rather they show someone who looks young to the prosecution. Merely because someone would have sexual relations with someone who looks young does not mean that that person would have sexual relations with a minor. Accordingly, we find that this evidence does not help establish a propensity to engage in sexual conduct with minors. Accordingly, it falls outside of the scope of Rule 404(b).

**Conclusion**

For the reasons set forth above, the defendant's motion in limine will be granted and the videos found on the defendant's cellular telephone will not be admissible evidence against him at trial. An appropriate order follows.

**Date: August 3, 2018**             **BY THE COURT:**

                                     **s/ James M. Munley**
                                     **JUDGE JAMES M. MUNLEY**
                                     **United States District Court**